# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LEE A. VINCENT,<br>       #94633 ) ) | |
| Plaintiff, ) ) | 3:10-cv-00291-LRH-RAM |
| vs. ) ) | **ORDER** |
| HOWARD SKOLNIK, *et al.*, ) ) | |
| Defendants. ) | |

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. The court now reviews the complaint.

**I. Screening Standard**

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under Section

1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006).

**II. Instant Complaint**

Plaintiff, who is incarcerated at Ely State Prison ("ESP"), has sued Nevada Department of Corrections ("NDOC") Director Howard Skolnik, and ESP Warden Eldon McDaniel. Plaintiff alleges that Administrative Regulation ("A.R.") 733 prohibits inmates in disciplinary segregation from purchasing food and beverage from the canteen and that the food provided by culinary does not "meet

the nutritional and caloric requirements for an adult male." Plaintiff alleges that Director Skolnik created the canteen restrictions, Warden McDaniel enforces the restrictions, and that defendants use lack of food as a punishment in violation of his Eighth and Fourteenth Amendment rights.

At the outset the court notes that, "[w]here a particular amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing [a plaintiff's] claims.'" *Albright v. Oliver*, 510 U.S. 266, 273-74 (1994) (Rehnquist, C.J., for plurality) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). Therefore, plaintiff's claims will be analyzed under the Eighth Amendment right to be free from cruel and unusual punishment rather any generalized notions of substantive due process under the Fourteenth Amendment, and his Fourteenth Amendment claim must be dismissed with prejudice.

The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). "The Constitution 'does not mandate comfortable prisons.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). An alleged deprivation must first be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "The second requirement flows from the principle that only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.' To violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind.'" *Id*.

The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing." *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993); *see also Johnson v. Lewis*, 217 F.3d 726, 732 (9th Cir. 2000); *Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998). By way of example, "[t]he fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation." *LeMaire*, 12 F.3d at 1456 (citation and internal quotations omitted).

This court finds that plaintiff's Eighth Amendment claim is vague that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. Plaintiff sets forth no

facts–such as a medical need or any other reason–to explain why he requires more food than the amount issued by culinary, and thus to show how he suffers an unconstitutional deprivation. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege a specific deprivation of a constitutional right and allege with at least some degree of particularity overt acts engaged in by defendants that support plaintiff's claim. *Id.* Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.

However, plaintiff's allegations that he does not receive sufficient food while in disciplinary segregation may implicate his Eighth Amendment rights. Therefore, plaintiff has leave to file an amended complaint if he is able to set forth specific facts regarding the alleged violation of his Eighth Amendment rights. If plaintiff elects to proceed in this action by filing an amended complaint, he is advised that he should specifically identify each defendant to the best of his ability, clarify what constitutional right he believes each defendant has violated and support each claim with factual allegations about each defendant's actions. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Good*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); Fed. R. Civ. P. 8.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

4

**III. Conclusion**

**IT IS THEREFORE ORDERED** that the Clerk shall **FILE** the complaint. (Docket #1-2).

**IT IS FURTHER ORDERED** that plaintiff's Fourteenth Amendment claim is **DISMISSED with prejudice** and without leave to amend.

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED WITH LEAVE TO AMEND**. Plaintiff may choose to file an amended complaint if he is able to set forth an Eighth Amendment claim.

**IT IS FURTHER ORDERED** that plaintiff will have **thirty (30) days** from the date that this Order is entered to file his amended complaint, if he believes he can correct the noted deficiencies. The amended complaint must be a complete document in and of itself, and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

**IT IS FURTHER ORDERED** that plaintiff shall clearly title the amended complaint as such by placing the words "FIRST AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, **3:10-CV-00291-LRH-RAM**, above the words "FIRST AMENDED" in the space for "Case No."

**IT IS FURTHER ORDERED** that plaintiff is expressly cautioned that if he does not timely file an amended complaint in compliance with this order, this entire action may be immediately dismissed.

**IT IS FURTHER ORDERED** that the Clerk shall send to plaintiff a blank section 1983 civil rights complaint form with instructions along with one copy of the original complaint.

DATED this 11th day of August, 2010.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE